**Suman PRATAP, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**Nos. 04–72097, 08–71080.**

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed Aug. 3, 2009.

Manuel Rios, III, Rios Cantor, P.S., Seattle, WA, for Petitioner.

Wendy Benner–Leon, Esquire, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, ORP–District Director, Office of the District Counsel, Department of Homeland Security, Seattle, WA, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for review, Suman Pratap, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying a waiver

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

under 8 U.S.C. § 1186a(c)(4)(B), as well as the BIA's order denying her motion to reopen based on ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, for abuse of discretion the denial of a motion to reopen, and de novo claims of due process violations, including claims of ineffective assistance of counsel in immigration proceedings. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). In No. 04–72097, we deny in part and dismiss in part the petition for review, and in No. 08–71080 we deny the petition for review.

Substantial evidence supports the agency's denial of the statutory waiver where Pratap testified inconsistently regarding her intended address upon arrival in the United States and the circumstances of her arrival. *See Oropeza–Wong v. Gonzales,* 406 F.3d 1135, 1148 (9th Cir.2005) (evidence presented did not compel a finding that petitioner met burden of proving marriage was entered into in good faith).

We agree with the BIA's conclusion that Pratap failed to establish that former counsel Bartu's representation resulted in prejudice, and thus her claim of ineffective assistance of counsel fails. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir.2003) (to prevail on an ineffective assistance of counsel claim a petitioner must demonstrate prejudice). We lack jurisdiction to consider Pratap's additional contentions that Bartu acted ineffectively because she did not raise them before the BIA and therefore failed to exhaust her administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

We also lack jurisdiction to consider Pratap's claims that the IJ used the wrong standard in adjudicating her waiver application, and that the IJ was biased during proceedings because she failed to exhaust these claims before the BIA. *Id.*

The BIA did not abuse its discretion in denying Pratap's motion to reopen as untimely because the motion was filed more than 3 years after the BIA's reissued March 29, 2004, order dismissing Pratap's appeal. *See* 8 C.F.R. § 1003.2(c)(2). The BIA acted within its discretion in determining that the declarations submitted by Pratap and current counsel with the motion to reopen failed to establish the due diligence required to warrant tolling of the motions deadline. *See Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling is available to a petitioner who is prevented from filing due to deception, fraud or error, and exercises due diligence in discovering such circumstances).

In 04–72097, **PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

In 08–71080, **PETITION FOR REVIEW DENIED.**